*In re* CONSERVATORSHIP OF HALBECK

(OTTO v DETERS)

Docket No. 136453. Submitted February 18, 1993, at Lansing. Decided September 7, 1993, at 9:55 A.M.

Edna LeBlanc, as conservator of the estate of Opal Halbeck, a protected person and a Kansas resident temporarily living in Michigan, engaged Lawrence J. Otto to provide certain services for the estate. After the services were provided, a dispute arose and LeBlanc terminated Otto's services and declined to pay for the services rendered. Otto wrote to the Cheboygan County Probate Court, enclosing a copy of his bill, informing the court that LeBlanc had stated that payment for the services rendered would not be made. The deputy register of the probate court replied to Otto, enclosing a Statement and Proof of Claim form and informing him that there was a hearing set for May 14, 1990, regarding the conservator's first annual accounting. The deputy register indicated that Otto might want to attend the hearing relative to the claim or process the claim before that date. Otto was not told to file a petition, but, instead, was told to file the claim form. The claim form stated that claims must be presented either personally or by mail to the fiduciary on or before the last day for the presentment of claims and that the claim could also be filed with the probate court. Otto signed the proof of service portion of the form and mailed the form with his claim to the deputy register on May 9, 1990, noting that a copy was being sent to LeBlanc. The form was stamped "filed" by the probate court on May 11, 1990. On May 23, 1990, the probate court scheduled a hearing regarding Otto's claim for July 2, 1990. Margaret Deters, who replaced LeBlanc as conservator on June 1, 1990, filed objections to Otto's claim on June 12, 1990, and also served on Otto interrogatories, requests to produce, and requests to admit. At the July 2, 1990, hearing, the court, Joanna Neale, J., gave Otto sixty-three days from June 12, 1990, to file a petition for allowance of his claim. Halbeck died on July 27, 1990, and her estate was probated in

REFERENCES

Am Jur 2d, Creditors' Bills §§ 41, 46, 73.

See ALR Index under Creditors' Bills.

Kansas. Otto, unaware of Halbeck's death, filed a petition on August 15, 1990, containing information virtually identical to that contained in his earlier claim. Deters moved for dismissal, contending that, after Halbeck's death, only the conservator could file a claim in the probate court, and that Otto's only recourse was to file his claim in Kansas. The probate court agreed that it lacked jurisdiction with regard to Halbeck's estate and dismissed the claim. Otto appealed.

The Court of Appeals *held:*

1. Halbeck's death did not deprive the probate court of jurisdiction to resolve the matter. Pursuant to MCL 700.488(3); MSA 27.5488(3), a claimant whose claim is not paid may petition the probate court for determination of the claim at any time before it is barred by the applicable statute of limitation. The form that Otto mailed on May 9, 1990, fulfilled the requirements of a petition set forth in MCR 5.113. The only items missing were the file number of the case and the name of the court, and the omission of these items is not fatal.

2. The Revised Probate Code does not require that a "claim," as defined in MCL 700.3(4); MSA 27.5003(4), be made only in the form of a "petition" as defined by MCR 5.113.

3. The claim was properly presented under MCL 700.488(1) or (2); MSA 27.5488(1) or (2).

4. Under the unusual circumstances of this case, Otto's filing of the detailed statement and proof of claim amounted to the filing of a petition. The probate court erred in finding that MCL 700.488(6); MSA 27.5488(6) divested it of jurisdiction.

Reversed.

McDONALD, J., dissenting, stated that because Otto served a written claim on the conservator two days before filing a statement and proof of claim with the probate court, the claim served on the conservator is the presented claim. After receiving the claim, the conservator filed a written disallowance of the claim within the sixty-three-day period provided in MCL 700.488(2); MSA 27.5488(2). Halbeck died before Otto filed his petition for determination of the claim with the court. Otto therefore failed to file properly a claim with the court before Halbeck's death, and had no standing to file a claim in the conservatorship after the death. MCL 700.488(6); MSA 27.5488(6) grants the power to petition the probate court after the death of the protected person only to the conservator. Furthermore, the claim submitted by Otto was not a petition.

1. EXECUTORS AND ADMINISTRATORS — GUARDIAN AND WARD — LIMITATION OF ACTIONS — PROTECTED PERSONS.

A claimant whose claim against the estate of a protected person

is not paid may petition the probate court for a determination of the claim at any time before it is barred by the applicable statute of limitation (MCL 700.488[3]; MSA 27.5488[3]).

2. PLEADING — PROBATE COURT — CLAIMS — PETITIONS.

The Revised Probate Code does not require that a claim, as defined in MCL 700.3(4); MSA 27.5003(4), be made only in the form of a "petition" as defined by MCR 5.113.

*Mary M. Otto,* for Lawrence Otto.

*Lindsay & Lindsay* (by *Stephen E. Lindsay*), for Margaret Deters.

Before: CORRIGAN, P.J., and SHEPHERD and MC-DONALD, JJ.

CORRIGAN, P.J. In this action for payment for services rendered to respondent's ward, Opal Halbeck, a Kansas resident who died while temporarily living in Michigan, petitioner appeals the probate court's determination that it lacked jurisdiction. We reverse.

Respondent's predecessor as conservator of Opal Halbeck's estate, Edna LeBlanc, contracted with petitioner Lawrence Otto to prepare tax forms and inventory the estate on December 12, 1989. Petitioner provided those services, but a dispute arose in March 1990. On March 26, 1990, LeBlanc terminated petitioner's services and declined to pay him for the services rendered. Seeking payment, petitioner first wrote to LeBlanc on April 25, 1990. On May 3, 1990, petitioner wrote to the probate court, enclosing a copy of his bill and stating:

To date no payment has been received and I was informed on or about March 26th that payment for services rendered will not be made. I have waited a week since sending my bill and have had no communication with Mrs. LeBlanc. A copy of this letter is being sent to Mrs. LeBlanc.

On May 8, 1990, the deputy register of the probate court replied to petitioner:

> Enclosed is a statement and proof of claim which you may want to complete, attaching a statement of services. There is an upcoming hearing on 5/14/90 on the first account [conservator's first annual accounting] which you may want to attend relative to your claim or you may want to process your claim prior to that date.

Although petitioner had explicitly informed the probate court that the conservator had already disallowed payment, he was not told to file a petition, but, instead, was told to file the claim form approved by the State Court Administrative Office. The form included a statement that "[c]laims must be presented either personally or by mail to the fiduciary on or before the last day for presentment of claims. This claim may also be filed with the probate court (see reverse side for proof of service)." Petitioner signed the "proof of service" portion of the form and dated it May 9, 1990. He then mailed the completed form with a claim for $1,075 to the deputy register, with a note saying, "A copy is being sent to Edna LeBlanc." The probate court stamped petitioner's completed form "filed" on May 11, 1990. On May 23, 1990, the probate court scheduled a hearing regarding the petitioner's claim for July 2, 1990.

Respondent Deters, who replaced LeBlanc as conservator on June 1, filed objections to petitioner's statement and proof of claim on June 12. At the same time, Deters also served interrogatories, requests to produce, and requests to admit on the petitioner. After June 12, discovery apparently proceeded on the petitioner's claim. The claim was thus the functional equivalent of a petition.

At the hearing on July 2, the court, acting on

Deters' objection, gave petitioner sixty-three days from the date of the conservator's objections to file a petition for allowance of his claim.

Opal Halbeck died on July 27. Her estate was probated in Rush County, Kansas, the state of her legal residence.

Petitioner, apparently unaware of Halbeck's death, complied with the court's July 2 directive and filed the petition on August 15. The petition contained information virtually identical to that contained in the earlier claim. Respondent then moved to dismiss the petition because Halbeck had died before it was filed. She contended that after Halbeck's death, only the conservator could file a claim in the probate court and that the petitioner's only recourse was to file his claim in Kansas. Agreeing that it lacked jurisdiction with regard to Halbeck's estate, the probate court dismissed the claim.

The definition of a "claim" applicable to estates commenced before January 1, 1989,[1] appears at MCL 700.3(4); MSA 27.5003(4):

> *"Claim"* in respect to estates of decedents, disappeared persons, minors, and *legally incapacitated persons includes liabilities of the* decedent, disappeared person, or *ward,* whether *arising in contract,* in tort, or otherwise, *and liabilities of the estate which arise* at or *before the death of the decedent,* and funeral and burial expenses. Claim does not include estate and inheritance taxes, demands, or disputes regarding title of a decedent, disappeared person, or ward to specific assets alleged to be included in the estate. [Emphasis supplied.]

---

[1] MCL 700.3(4); MSA 27.5003(4) was rewritten by 1988 PA 222, but is applicable only to estates commenced on or after January 1, 1989. Because the Halbeck estate was commenced in 1988, when LeBlanc was appointed conservator, the earlier version of the statute controls.

Claims against the estate of a protected person are governed by MCL 700.488; MSA 27.5488, which provides in part:

(1) A conservator may pay or secure from the estate claims against the estate or against the protected person arising before or after the conservatorship upon their presentation and allowance . . . . A claim may be presented by either of the following methods:

(a) The claimant may deliver or mail to the conservator a written statement of the claim indicating its basis, the name and mailing address of the claimant, and the amount claimed.

(b) The claimant may file a written statement of the claim, in the form prescribed by supreme court rule, with the court and deliver or mail a copy of the statement to the conservator.

(2) A claim shall be considered presented on receipt of the written statement of claim by the conservator or on the filing of the claim with the court, whichever occurs first. A presented claim shall be allowed if it is not disallowed by written statement mailed by the conservator to the claimant within 63 days after its presentation. The presentation of a claim tolls any statute of limitation relating to the claim until 28 days after its disallowance.

(3) A claimant whose claim is not paid may petition the court for determination of the claim at any time before it is barred by the applicable statute of limitation and, upon due proof, procure an order for its allowance, payment, or security from the estate.

* * *

(6) If a protected person dies while under conservatorship, *the court may, upon petition of the conservator and with or without notice, hear a claim for burial expense or any other claim as the court considers advisable.* Upon hearing the claim, the court may enter an order allowing or disallowing the claim or any part of it and provide in the

order of allowance that the claim or any part of it shall be paid immediately if payment can be made without injury or serious inconvenience to the protected person's estate. [Emphasis supplied.]

Respondent relies on MCL 700.488(6); MSA 27.5488(6) for the rule that, after the death of a protected person, only the conservator may petition the court for payment of a claim. In support of this proposition, she also cites MCL 700.485(5); MSA 27.5485(5), which directs:

If a protected person dies, the conservator shall . . . .

*       *       *

(c) Retain the estate for delivery to a duly appointed personal representative of the decedent or other persons entitled thereto.

Respondent asserts that her only duty after Halbeck's death was to transfer all the assets of the estate to the ward's personal representative. If, she argues, she did anything other than what is directed by § 485(5)(c), i.e., paying petitioner for services rendered before the ward's death, she would violate § 485 and breach her fiduciary duties. We disagree.[2]

In *In re Quinney's Estate,* 287 Mich 329, 334; 283 NW 599 (1939), our Supreme Court concluded that if a guardian had contracted with someone to render services to the deceased ward and that party had performed,

---

[2] At least one other court, in a state with a statutory scheme quite similar to Michigan's, has found that individuals with a claim against the estate of a protected person are "other persons entitled" to assets of the conservatorship. See *In re Britten,* 430 NW2d 408, 410-411 (Iowa, 1988). "For purposes of carrying out this statutory directive, the court may find in the proper circumstances that the persons entitled to these assets are someone other than the ward's personal representative." *Id.* at 411, construing Iowa Code § 633.678.

such person could not present a claim against [the ward's] estate and recover upon the same after her death. . . . The right to recover by such person would be against the guardian upon the guardian's contract, and, upon payment or settlement thereof, the guardian might include the claim paid in his account as guardian, and *its allowance would in the first instance be by the probate court.* [Emphasis supplied.]

Although Article 4 of the Revised Probate Code is largely adapted from the Uniform Guardianship and Protective Proceedings Act (hereafter the "uniform act"), 8 ULA (Master ed), pp 478-510, § 488(6) appears to be a unique provision.[3] We thus turn to other states' case authority in search of guidance. See, e.g., anno: *Power of guardian, committee, or trustee of mental incompetent, after latter's death, to pay debts and obligations,* 60 ALR2d 963. Many jurisdictions maintain a strict dichotomy between the powers of a conservator or guardian and the powers of a personal representative or executor of a ward's estate. See, e.g., *In re Poynot,* 389 So 2d 106, 107 (La App, 1980) (remaining debts must be paid by the executor, the administrator, or the heirs only; state has not adopted the uniform act); *In re Bohnstedt,* 36 Del Ch 97, 100; 125 A2d 580 (1956) (without statutory authority, trustee has no power to pay existing obligations; state has not adopted the uniform act subsequently); *Estate of Mouckerezi,* 468 A2d 993, 995, n 1 (Me, 1983) (conservator's duties terminate at

[3] Our research discloses no jurisdiction that, having adopted the uniform act, has added a provision analogous to MCL 700.488(6); MSA 27.5488(6). Of all the uniform act states (Alabama, Arizona, Colorado, District of Columbia, Hawaii, Idaho, Maine, Michigan, Montana, Nebraska, New Mexico, North Dakota, South Carolina, and Utah), only Michigan and New Mexico have a statutory procedure for "presentation" of claims against a protected person. New Mexico's statute does not include any provision for payment in the event of the protected person's death; see NM Stat Ann 45-5-428.

death; personal representative of estate must defend claims; jurisdiction adopted section of uniform act corresponding to § 485); *In re Guardianship of Mayou,* 6 Wash App 345, 347; 492 P2d 1047 (1972) (creditors with outstanding claims must submit their claims to decedent's personal representative; not a uniform act jurisdiction); *Noyes v First Nat'l Bank of Rawlins,* 589 P2d 384, 385 (Wy, 1979) (guardian has no legal authority after death of ward; not a uniform act jurisdiction).

Conversely, some jurisdictions have held that claims against a ward's estate may be brought against the conservator even after the ward's death. See, e.g., *In re Hill,* 166 Ariz App 230, 232; 801 P2d 465 (1990) (conservator has power to settle ward's account; jurisdiction has adopted uniform act); *State v Greenhaw,* 50 Ariz 436, 440; 72 P2d 950 (1937) (all debts legally incurred by the estate of an incompetent during the guardianship are liens upon the estate as formal mortgages and administrator of estate takes it subject to them; before adoption of uniform act); *In re McCann,* 444 NW2d 500, 502 (Iowa, 1989) (trial court's closing of conservatorship does not constitute a discharge of liability against conservator; not a uniform act jurisdiction); *In re Pappas,* 174 NW2d 422, 425 (Iowa, 1970) ("manifest" that claimant does not forfeit his right to recover a valid debt because the debtor dies; claimant is entitled to a hearing in the guardianship proceedings); *In re Matthews,* 54 AD2d 999, 1001; 388 NYS2d 933 (1976) (conservator retains authority to satisfy obligations payable during ward's life, applying statutory language not based on uniform act); *In re Kohler,* 200 Misc 506, 508-509; 107 NYS2d 964 (1951) (divesting authority of conservator as a result of the ward's death does not relieve him of performance of obligations already incurred); *In re Guigues,* 64 NYS2d 573, 574

(Supreme Ct, 1946) (ward's death did not deprive court of power to order payment of all valid and legal obligations undertaken by the conservator during ward's lifetime).

Following a protected person's death, the conservator or guardian must "settle his account." See, e.g., *In re Estate of Livingston*, 627 SW2d 673, 679 (Mo App, 1982) (guardian has power to settle ward's account; not a uniform act jurisdiction); *Gutierrez v Estate of Gutierrez*, 786 SW2d 112, 112-113 (Tex App, 1990) (although trial court had no authority after ward's death, guardian was responsible for final accounting of ward's estate; not a uniform act jurisdiction).

We believe that Opal Halbeck's death did not deprive the probate court of jurisdiction to resolve this matter. MCL 700.488(3); MSA 27.5488(3) provides that "[a] claimant whose claim is not paid may petition the court for determination of the claim at any time before it is barred by the applicable statute of limitation." Petitioner's failure to file a document styled "petition" before the ward's death resulted from incomplete advice from the deputy register, scheduling delays, and unnecessary procedural hurdles. Having analyzed the claim submitted, we conclude that it amounted to a petition.

MCR 5.113, governing papers filed in probate court, provided in 1990:[4]

> (A) Form of Papers Generally.
> (1) A petition, motion, inventory, report, account, or other paper in a proceeding must

---

[4] The current version of MCR 5.113 is substantively identical, but now includes subsection A(1)(c) providing that the petition must "be substantially in the form approved by the State Court Administrator, if a form has been approved for the use." The Supreme Court now also requires that "[t]he court must endorse the date of receipt on all papers filed." MCR 5.113(C).

(a) be legibly written in ink, typewritten, or printed, and

(b) include the

(i) title of the proceeding in which it is filed;

(ii) file number, if any, including the case-type code (see MCR 8.117) according to the principal subject matter of the proceeding;

(iii) character of the paper; and

(iv) name, address, and telephone number of the attorney, if any, appearing for the person filing the paper.

(B) Contents of Petitions.

(1) A petition must include allegations and representations sufficient to justify the relief sought and must:

(a) state the name of the court and title of the proceeding;

(b) identify the petitioner, and his or her interest in proceedings, and qualification to petition;

(c) include allegations as to residence, domicile, or property situs essential to establishing court jurisdiction;

(d) identify and incorporate, directly or by reference, any documents to be admitted, construed, or interpreted;

(e) include any additional allegations required by law or court rule;

(f) except where ex parte relief is sought, include a current list of interested parties, indicate the existence and form of incapacity of any of them, the mailing addresses of the parties or their representatives, the nature of representation and the need, if any, for special representation.

(2) The petition may incorporate by reference papers and lists of interested parties previously filed with the court if changes in the papers or lists are set forth in the incorporating petition.

(3) The requirements of this subrule do not apply to additional pleadings related to the petition filed or to objections of interested parties under MCR 5.119.

The "Statement and Proof of Claim" form that petitioner mailed on May 9, 1990, fulfilled the requirements of a petition as set forth in MCR 5.113. It was legibly written and gave the title of the proceeding and the character of the paper. Respondent was not represented by an attorney at that point. The form included "allegations and representations sufficient to justify the relief sought," MCR 5.113(B)(1), by indicating that petitioner had rendered specified services to the Halbeck estate in a specific amount and had received only partial compensation. It stated the title of the proceeding, MCR 5.113(B)(1)(a), and identified petitioner, his interest in the proceeding, and his qualification to petition. It also gave addresses for all parties in Cheboygan County (MCR 5.113[B][1] [c]), and included copies of the documents petitioner offered in support of his claim (MCR 5.113[B][1][d]). No additional allegations were required, MCR 5.113(B)(1)(e), and petitioner and respondent, whose address appeared on the form, were the only interested parties.

The only missing elements were the file number of the case, MCR 5.113(A)(1)(b)(ii), and the name of the court, MCR 5.113(B)(1)(a). The omission of these items should not be fatal. The court already had indicated to petitioner that it had jurisdiction ("There is an upcoming hearing . . . which you may want to attend relative to your claim"), and the court register herself did not use the file number when she corresponded with petitioner. Nothing in the Revised Probate Code requires that a "claim," as defined in MCL 700.3(4); MSA 27.5003(4), be made *only* in the form of a "petition" as defined by MCR 5.113.

Further, respondent actually treated the claim form as a petition. Respondent's counsel forwarded interrogatories and a request for production of

documents in June 1990, before petitioner even
had been instructed to file a formal petition. Un-
der the unusual circumstances of this case, peti-
tioner's filing of the detailed statement and proof
of claim amounted to the filing of a petition.

Indeed, the parties do not appear to dispute that
the claim was properly presented under MCL
700.488(1) or (2); MSA 27.5488(1) or (2).[5]

In these circumstances, the probate court erred
in finding that § 488(6) divested it of jurisdiction.

Reversed.

SHEPHERD, J., concurred.

McDONALD, J. *(dissenting).* I would affirm the
order of the probate court. It is undisputed a
"protected" person's death does not invalidate
claims for debts incurred before the death and
that the court supervising the conservatorship has
jurisdiction to decide all claims properly filed be-
fore the death. What must be decided in this case,
however, is whether the instant claim was prop-
erly filed with the court before the protected per-

[5] We disagree with the dissent's analysis of "presentation" under
this statute. MCL 700.488(2); MSA 27.5488(2) says, "A claim shall be
considered presented on receipt of the written statement of claim by
the conservator or on the filing of the claim with the court, whichever
occurs first." The purpose of this language is to identify the date on
which the disallowance period starts running, rather than to disqual-
ify a duplicate filing of the same claim. We have found no authority
for the latter position. The record indicates that petitioner simultane-
ously mailed his "Statement and Proof of Claim" on May 9, 1990, to
respondent and the court. The statute provides that "[a] claim shall
be considered presented on *receipt* of the written statement of claim
by the conservator or on the *filing* of the claim with the court,
whichever occurs first." MCL 700.488(2); MSA 27.5488(2) (emphasis
supplied). The court stamped the claim "filed" on May 11. The record
does not indicate the date on which respondent received it. Petition-
er's claim should not be defeated merely by the unpredictability of
the mails. Note, too, that the court treated petitioner's claim as
"presented" (by scheduling a hearing regarding the matter for May
22) even though petitioner's cover letter indicated that "[a] copy [of
the claim form] is being sent to Edna LeBlanc [respondent]."

son's death, and, if not, whether the claimant has standing to file a petition for payment after the protected person's death.

MCL 700.488; MSA 27.5488 governs the presentation of claims against the estate of a protected person. A claim must be written and delivered either directly to the conservator, subsection 1(a), or to the court, with a copy provided to the conservator, subsection 1(b). A claim is considered presented upon receipt of the written claim by the conservator or on the filing of the claim with the court, whichever occurs first. Subsection 2. In this case, because petitioner served a written claim on the conservator pursuant to subsection 1(a) on May 9, 1990, two days before filing a statement and proof of claim with the probate court pursuant to subsection 1(b), the claim served on the conservator is the presented claim. Subsection 2.

After receiving the claim, the conservator filed a written disallowance of the claim within the sixty-three-day period provided in the statute. Section 488(2). Petitioner was instructed to file a petition for determination of the claim with the court. Section 488(3). However, before petitioner filed his claim, the protected person died. Petitioner therefore failed to file properly a claim with the court before the death of the protected person. I would hold because petitioner failed to file a proper claim with the court before the protected person's death, he has no standing to file a claim in the conservatorship after the death.

Although the death of a protected person while under a conservatorship does not preclude the filing of a claim incurred during the conservatorship, § 488(6) provides that such a claim is supposed to be filed upon petition of the conservator. Specifically § 488(6) states:

> If a protected person dies while under conserva-
> torship, the court may, *upon petition of the conser-*
> *vator* and with or without notice, hear a claim for
> burial expense or any other claim as the court
> considers advisable. Upon hearing the claim, the
> court may enter an order allowing or disallowing
> the claim or any part of it and provide in the
> order of allowance that the claim or any part of it
> shall be paid immediately if payment can be made
> without injury or serious inconvenience to the
> protected person's estate. [MCL 700.488(6); MSA
> 27.5488(6). Emphasis added.]

The language utilized by the Legislature in
drafting subsection 6 is explicit and evidences a
clear intent to grant only a conservator the power
to petition the probate court after the death of the
protected person. When a statute designates the
persons who may bring a claim, only the persons
so designated have the right to bring such an
action. *In re Swope,* 190 Mich App 478; 476 NW2d
459 (1991). The Legislature is presumed to have
intended the meaning it plainly expresses. *Frasier
v Model Coverall Service, Inc,* 182 Mich App 741;
453 NW2d 301 (1990).

Lastly, I disagree with the majority's holding
appellant's claim amounted to a petition. It is
clear from the record that no one, including the
appellant, intended his claim to be a petition
under the statute. If appellant does not argue his
claim was, in effect, a petition, then I can find no
reason for this Court to do so.

I would affirm the order of the probate court
dismissing the appellant's petition.